IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT PRATT and LORI PRATT, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> CAVAGNA NORTH AMERICA, INC., AMERIGAS PROPANE, L.P., WORTHINGTON CYLINDER CORPORATION, and JOHN DOES 1 through 10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br><br> Case No. 2:13-CV-107 <br><br> Judge Dee Benson |

This matter is before the court on defendant AmeriGas Propane, L.P.'s motion for summary judgment. (Dkt. No. 41.) On November 1, 2013, the court heard oral argument on the motion. Plaintiffs Robert and Lori Pratt were represented by Jeff Sbaih. Defendant AmeriGas Propane, L.P. was represented by Joshua Lee and James Tracy. Prior to the hearing, the court considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

1

## BACKGROUND

In this products liability action, plaintiffs' allege that on July 18, 2010, their home suffered fire-related damage when leaking propane from their barbeque grill caught fire and spread to their house. Shortly after the fire, on August 27, 2010, plaintiffs' consultant, Larry Thatcher, submitted an "Origin and Cause Report" opining about the cause of the fire and concluding as follows:

> Propane vapor leaked through the Type-1 connection because of the irregular shape of the sealing rubber in the service valve. The vapor mixed with air and was ignited by the operating BBQ burner. The fire flashed back to the leak which was at the Type-1 on connection at the top of the propane cylinder. Heat from the fire melted out the pressure relief valve poppet which allowed a large torch flame to impinge on the house.

(Def.'s Mem. in Support, Ex. 3.)

The propane cylinder in question had a label displaying the word "AmeriGas" in large lettering. The label also provided the following information:

> Packed by AmeriGas
> 460 N. Gulph Road
> King of Prussia, PA 19406
> www.amerigas.com

Given this labeling information, plaintiffs determined that "AmeriGas" was the entity responsible for filling the cylinder.

In order to identify the registered agent and location of AmeriGas, counsel for plaintiffs searched the Utah Department of Commerce records. (Sbaih Aff. ¶ 6.) Plaintiffs' search of the name "AmeriGas" revealed five active business entities (one of which was defendant AmeriGas Propane, L.P.) and two expired entities. All but one of these entities had the same address as that

listed on the cylinder's label as its registered corporate address.

On July 13, 2012, plaintiffs filed their original complaint in state court.[1]   Plaintiffs'

counsel did not want to name "every single 'Amerigas' entity" in the lawsuit, so he named only

AmeriGas, Inc., after concluding it was the appropriate party to the suit.  (Sbaih Aff. ¶ 14.)

Plaintiffs' then-counsel, Daniel O. Duffin, explained his decision to name only AmeriGas, Inc.

as  follows: "I reviewed publicly available information and documentation about 'Amerigas', all

of which indicated that Amerigas, Inc. is the entity that fills the propane cylinder." (Duffin Aff. ¶

10.)  Plaintiffs current counsel[2] similarly described the decision to name only AmeriGas, Inc.:

"Plaintiffs did not have any reasonable basis to determine the [sic] Amerigas Propane LP was the

proper entity to name . . ." and "[a]ll public information available about the 'Amerigas' entities

indicated that Amerigas, Inc. was the entity that filled and distributed the propane cylinders."

(Sbaih Aff. ¶ 27)

Although plaintiffs named AmeriGas, Inc. as a defendant in the July 13, 2012 lawsuit,

plaintiffs did not serve AmeriGas, Inc. at that time.  Approximately seven months later, on

February 8, 2013, plaintiffs filed an Amended Complaint in state court.  The Amended

---

[1]In the original complaint, plaintiffs named the following six defendants: Harmons
Taylorsville, LLC (the location where plaintiffs purchased the grill); Fiesta Gas Grills, LLC (the
designer, manufacturer and distributor of plaintiffs' grill ); Onward Manufacturing Company
Ltd. (a distributor of Fiesta Gas Grills); Cavagna North America, Inc. (a corporation in the
business of selling propane service valves and regulators that are sold via distributors in the
United States); Worthington Cylinder Corporation (a corporation that manufactures propane
cylinders for distribution in the United States); and AmeriGas, Inc. (Dkt. No. 2-2, Complaint
filed in Third Judicial District Court for the State of Utah.)

[2]It appears that plaintiffs' current counsel, Mr. Sbaih, did not begin to represent plaintiffs
until approximately February of 2013.  (Dkt. No. 2, Exs. B & C.)

Complaint removed several defendants because plaintiffs determined that such defendants were either not likely liable for plaintiffs' damages or they were defunct entities.  (Sbaih ¶ 16.) However, plaintiffs continued to include AmeriGas, Inc. as a defendant in the lawsuit.[3]  On February 11, 2013, the action was removed to federal court.

On April 1, 2013, AmeriGas, Inc. was finally served with the Amended Complaint in this case (262 days after the original complaint was filed in state court).  Prior to service of the Amended Complaint, neither AmeriGas, Inc. nor AmeriGas Propane, L.P. had received any notice of plaintiffs' claims in this matter.  (Bimson Aff. ¶¶  4-5.)  On May 1, 2013, counsel for AmeriGas, Inc. informed plaintiffs' counsel that Amerigas, Inc. was not the entity responsible for filling and distributing the propane cylinder in question but was merely a holding company, and asked if plaintiffs would be willing to amend the Amended Complaint to name the proper AmeriGas entity.  (Sbaih Aff. ¶ 21.)  A few days later, on May 7, 2013, counsel for AmeriGas, Inc. informed plaintiffs' counsel that AmeriGas Propane, L.P. was the proper AmeriGas entity. On May 13, 2013, plaintiffs filed a Second Amended Complaint naming AmeriGas Propane, L.P. as a defendant.  (Sbaih Aff. ¶¶ 23-25.)

On August 28, 2013, defendant AmeriGas Propane, L.P. filed the present motion for summary judgment.  AmeriGas Propane, L.P. asserts that it is entitled to summary judgment because the undisputed facts demonstrate that plaintiffs' claims against AmeriGas Propane, L.P. are barred by the applicable two-year products liability statute of limitations.

---

[3]Plaintiffs' Amended Complaint removed the following defendants: Harmons Taylorsville, LLC; Fiesta Gas Grills, LLC; and Onward Manufacturing Company Ltd.  Plaintiffs determined these defendants were merely passive distributors and/or defunct.  (Dkt. No. 2-4, Amended Complaint & Oral Argument Transcript at 19.)

Plaintiffs do not dispute that their claims are subject to a two-year statute of limitations or that their claims against AmeriGas Propane LP were brought more than two years after their claims accrued.  Rather, plaintiffs argue that summary judgment is inappropriate because they did not know which AmeriGas entity was the correct defendant and did not "discover" that their claims should have been brought against AmeriGas Propane, L.P. until they were informed by AmeriGas, Inc. in May of 2013, and therefore the statute of limitations did not begin to run until that time.

## DISCUSSION

### A.    Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Allen v. Muskogee, Okl., 119 F.3d 837, 839 (10th Cir. 1997).  A court considering summary judgment should consider the evidence in the light most favorable to the nonmoving party.  Id.  A defendant may use a motion for summary judgment to test an affirmative defense that entitles a party to a judgment as a matter of law, including the affirmative defense of statute of limitations.  Cannon v. Minnesota Mining & Manufacturing Co., 2009 WL 350561 (D. Utah Feb. 11, 2009).

**B.      Utah Product Liability Act**

The Utah Product Liability Act (UPLA) provides: "A civil action under this part shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."  Utah Code Ann. § 78B-6-706 (2008).  Interpreting this statute, Utah courts have determined that "the UPLA statute of limitations begins to run when the plaintiff discovers, or should have discovered: (1) that she has been injured; (2) the identity of the maker of the allegedly defective product; and (3) that the product had a possible causal relation to her injury." Hansen v. Novartis Pharms. Corp., 2011 WL 6100848, *3  (D. Utah Dec. 7, 2011) (unpublished) (citing Aragon v. Clover Club Foods Co., 857 P.2d 250, 252-53 (Utah Ct. App. 1993)).   "All that is required to trigger the statute of limitations is sufficient information to put plaintiff on notice to make further inquiry if she harbors doubts or questions."  Id.

**C.      Analysis**

The parties agree that the sole issue in this case is whether a reasonable jury could find that plaintiffs exercised reasonable diligence in discovering the identity of AmeriGas Propane, L.P. during the time period from July 18, 2010 (when the fire occurred) to May 13, 2011 (two years prior to naming AmeriGas Propane, L.P. in the Second Amended Complaint).

In support of their claim that they made "reasonable efforts" to identify AmeriGas Propane, L.P. within the statute of limitations period, plaintiffs rely on the statements of counsel, both former and current, and assert generally that  "[a]ll public information led Plaintiffs to believe that Amerigas is the correct entity and there is nothing available in the public realm that

plaintiffs discovered that indicated Amerigas Propane is the correct entity to name." (Pls.' Mem. In Opp'n at 2.)  For example, Daniel O. Duffin, who was plaintiffs' counsel when the original complaint was filed, stated: "I reviewed publicly available information and documentation about 'Amerigas', all of which indicated that Amerigas, Inc. is the entity that fills the propane cylinder." (Duffin Aff. ¶ 10.)  Mr. Duffin also said: "[T]he information publicly available did not indicate that Amerigas Propane, L.P. was responsible for filling the propane cylinder and/or altering the service valve ... and AmeriGas Propane, L.P. could not have been discovered to be the correct party without the benefit of formal discovery." (Id. ¶¶ 25-26.) Similarly, Mr. Sbaih, plaintiffs' current counsel, stated: "Plaintiffs attempted to further deterimine what each [Amerigas] entity is responsible for doing in the 'Amerigas' chain.  However, all of Plaintiffs' efforts returned to Amerigas, Inc." (Sbaih Aff. ¶ 9.)

The evidence provided by plaintiffs to support their claim that they made reasonable efforts to identify AmeriGas Propane, L.P. within the limitations period consists of nothing more than conclusory, self-serving statements.  The affidavits provided by plaintiffs' counsel fail to set forth any foundation for the general and sweeping conclusion that "all public information" pointed to AmeriGas, Inc.[4]  To survive summary judgment, the plaintiffs' affidavits "must be

---

[4]Interestingly, Mr. Sbaih's declaration itself demonstrates "public information" that clearly suggested AmeriGas Propane, L.P. was the responsible entity.  Mr. Sbaih states:

Another result [from searching AmeriGas Propane, L.P. on the internet] is from Bloomberg Businessweek, which provides a Company Overview for AmeriGas Propane, L.P.:

AmeriGas Propane, L.P. markets propane, propane equipment, and related services.  Its customers use propane in various areas, including home heating, space heating, water heating, pool/spa heating, drying, cooking, grilling, and motor fuel.  The company was incorporated in 1994 and is

based on personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).  Plaintiffs in this case have simply provided no evidence or explanation whatsoever as to *why* they determined AmeriGas, Inc. was the appropriate party to the lawsuit, or why they could not have earlier discovered that AmeriGas Propane, L.P. is the appropriate party.

Plaintiffs do not explain why they did not – during the relevant time period – seek information from sources other than the internet.  For example, plaintiffs do not explain why they did not attempt to contact AmeriGas through the registered agents and addresses on file with the Utah Department of Commerce, the AmeriGas.com website, or otherwise.  Moreover, it appears that once plaintiffs did, in fact, contact an AmeriGas entity (albeit AmeriGas, Inc.) plaintiffs were immediately informed that AmeriGas Propane, L.P. was the proper defendant. (Sbaih Aff. ¶ 23.)  It is well established that plaintiffs "cannot simply wait for information regarding a potential defendant to come to them."  Willis v. Wal-Mart Stores, Inc., 819 F. Supp. 2d 700, 704 (M.D. Tenn. 2011).  Rather, "[a] plaintiff has a duty to act with reasonable diligence to ascertain the identity of a defendant."  Id.

Under these circumstances, the court concludes that no reasonable juror could find that plaintiffs exercised reasonable diligence to determine the identity of AmeriGas Propane, L.P. during the relevant time period.  Plaintiffs should have known that AmeriGas Propane, L.P. was

---

based in King of Prussia, Pennsylvania.  AmeriGas Propane, L.P. operates
as a subsidiary of AmeriGas Parnters LP.

(Doc. No. 44-1, Sbaih Aff. ¶ 1.)

the appropriate defendant, but they failed to properly bring their claims against it until after the statute of limitations had run.  Accordingly, plaintiffs claims against AmeriGas Propane, L.P. are barred as a matter of law.  See <u>Griffiths-Rast v. Sulzer Spine Tech.</u>, 216 Fed. Appx. 790, 196-97 (10th Cir. 2007) (affirming district court's decision granting summary judgment where plaintiff failed to present evidence that would allow a reasonable jury to find that even if she had used 'diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so,' she should not have ascertained the identity of the manufacturer prior to expiration of the limitations period) (quoting <u>Aragon v. Clover Club Foods Co.</u>, 857 P.2d 250, 253 (Utah Ct. App. 1993)).

## **CONCLUSION**

For the reasons set forth above, defendant's motion for summary judgment is GRANTED.

DATED this 19th day of November, 2013.

_____
Dee Benson
United States District Judge

9